PROVOSTY, C. J.
The plaintiffs, in a lengthy petition, allege:
That William Gallagher began years ago a transfer and packing and storage of household effects and other commodities business in New Orleans, which has grown to large proportions, the good will in which is worth fully $50,000; that he adopted a trade-mark which he duly registered in the office of the Secretary of State, and used and advertised extensively in his said business; that in 1917 he transferred this business, including the trade-mark, to the Gallagher Transfer & Storáge Company, a corporation organized under the laws of this state; that the Cumberland Telephone & Telegraph Company, whose telephone service, ramifying throughout the city, furnishes it with beforehand information of the trend of all business relations and activities in the city, and particularly of all persons and concerns intending to move into or from the city or from one place to another in the city, has conspired an,d combined with the O. K. Storage & Transfer Co., Inc., a corporation of this state engaged in the same line of business as plaintiff, the Gallagher Transfer & Storage Company, in New Orleans, to monopolize as against petitioner and others the transfer, packing, and storage business of the city.
“That the aforesaid information is ordinarily afforded said telephone company by its patrons applying beforehand to take out, to install, or | to move their telephone connections, such applications being made and referred to its contract office or department kept in this city in the charge of its manager, J. Emile Jarreau, by whom all such applications are received, acted on, and disposed' of; said applications are made beforehand to give time to make the changes, and the said applicants comprise practically all or a great proportion of the transfer, packing, and storage business in this city.
“That said petitioner is informed and believes that said telephone company, through its manager, J. Emile Jarreau, in charge thereof, has been using its said contract office or department in this city as a place of business for said O. K. Company, and to solicit and convert the said transfer, packing and storage business and custom of its telephone patrons and customers and others for said O. K. Company. That its said manager in charge, when such applications are made in person, usually solicited the applicant’s transfer, packing, and storage business of said O. K. Company, and on occasions the manager for the said O. K. Company has been called to said telephone contract office to there close a deal with the applicant for his transfer and storage requirements, and petitioner is informed and believes that it has been arranged for the manager for the said O. K. Company to call daily in the contract office of said telephone company to receive information of all applications made to said contract office and to obtain, the names and addresses of such applicants, thereby to enable said O. K. Company, through the information and influence of the said telephone company, to pre-empt and appropriate the transfer and storage services of such telephone patrons beforehand, and whereby competition therefor by petitioner or others has been excluded.”
. The petition further alleges, that the said combination of the said telephone company and O. K. Storage & Transfer Company is illegal; that the latter company has wrongfully appropriated and is using the said trade-mark of the Gallagher Company, and the said telephone company is abetting it therein; that the business thus secured by the said O. K. Transfer & Storage Company legitimately belongs to the good will of the business of the Gallagher Company; that by all the foregoing the Gallagher Company has been damaged to the extent of $16,000; that, in order to fix and prove definitely, the *737 amount of said damages, the petitioners are entitled to an audit of the books of the O. K. Storage & Transfer Company.
The prayer is for an injunction, and for damages.
William Gallagher joined as a plaintiff in the petition “for the use and benefit” of the Gallagher Company.
On exception that he was improperly made a party to the suit, he was dismissed from the suit, and on exception of no cause of action the suit was dismissed as against the telephone company. From this judgment both of the plaintiffs have appealed.
[1] We can see no good reason why William Gallagher should be dismissed from the suit. He is properly a party, if his presence helps the suit; and if his presence does not help the suit, it can in no way injure the defendants, for it can neither complicate nor retard the suit in any way. While we do not see in what way his said presence may be useful, this might develop upon the trial; and the exception must be based on some idea of that kind, otherwise it would appear to be without any motive.
[2] The petition does not contain the specification of any particular fact upon whieh is based the allegation that the telephone company abetted the O. K. Storage & Transfer Company in infringing the trade-mark of plaintiffs; and, since the reasonable inference is that the petitioners would have stated facts if any had been within their knowledge, the said allegation may be considered to be nothing more than a statement of the petitioners founded upon no known facts, and therefore not calling for further attention on our part.
[3] The exception of no cause of action is founded upon the absence of all legal duty on the part of the telephone company to the plaintiffs to abstain from conveying to the O. K. Storage & Transfer Company any information it may have to help the latter company in its business.
We are not referred to any law imposing such duty upon said company, and know of none. In the absence of such a duty, the giving of such information cannot be a wrong, or infringe any rights of the petitioners.
[4] The allegation that it is wrongful is a mere legal conclusion of the petitioners, and is erroneous.
There is no suggestion of desire to injure plaintiffs, but only to help along the business of the O. K. Storage & Transfer Company.
The exception of no cause of action was therefore properly maintained as to the telephone company.
The judgment appealed from is therefore set aside in so far as it sustains the exception of misjoinder of parties plaintiff, and said exception is now overruled; and the said judgment is otherwise affirmed. The costs of this appeal to be paid one-half by the plaintiffs and one-half by the O. K. Storage & Transfer Company.
O’NIELL, J, dissents from the refusal of a rehearing on the plea of misjoinder of parties plaintiff.
•Rehearing refused by the WHOLE COURT.